HORACE P. BAKER,

*vs.*

THOMAS A. CONWAY, JOHN A. MILLER and DIAMOND STATE RIDES, INC., a corporation of the State of Delaware.

*New Castle, Aug. 4, 1926.*

*Clarence A. Southerland* and *Albert F. Polk*, for complainant.
*John W. Huxley, Jr.*, for defendants.

THE CHANCELLOR. The motion for an injuction is not only not opposed, but it is agreed to. A preliminary injunction will therefore issue as prayed.

The motion for a receiver *pendente lite* will be denied. This is for two reasons:

First. The complainant knew, as long ago as July of 1925, that his claimed relationship of a partner was denied. Yet he waited for a full year before asking for the extraordinary relief now sought. The active season for the sort of business we are here concerned with is from Memorial Day to Labor Day. During the autumn, winter and spring months, nothing is done in the business except to preserve and care for the idle equipment. If the com-

plainant had instituted this litigation promptly upon his being informed a year ago that his right to be treated as a partner was denied, he could have brought the case to issue and obtained a decision upon the merits well in advance of the opening of the present season. He did not do this. He waited until the present season had advanced to its height, and now asks this court to take the business out of the hands of its present managers on the ground that unless this is done the defendants will be in a position to receive all the proceeds during the balance of the active season and dispose of them beyond the complainant's reach in the event of a final decree in his favor. The defendants are not shown to be insolvent, especially Conway who now appears to claim to be the sole owner. What the present application amounts to is this, that the complainant asks this court to use the very stringent remedy of a temporary receivership as a preventative against the possible damage which would not now exist if the complainant had acted promptly after he was plainly informed that his associates no longer considered him as a partner. Had he so acted, there would be no occasion to ask this court to go into the amusement business through the agency of a receiver, for during the period of the business' dormancy, its winter sleep, the whole controversy could have been heard and determined. The matter of the complainant's diligence is of importance in answering his application for the extraordinary and severe interlocutory remedy of a temporary receiver. The delay indulged in by him may not be sufficient to constitute such laches as to bar the right to final relief, but it may be sufficient to deprive him of the right to the extraordinary preventive remedy which he seeks at this preliminary stage of the suit. It seems to me that the chief reason for the appointment now asked for is that the court ought to repair for the complainant the consequences of his own delay. That reason is not a persuasive one.

The complainant excuses his delay by saying that he was without funds to start the suit at an earlier date. I find myself unable to accept this as a good excuse. The amount required of him was not large. Besides, the complainant, if without ready cash, evidently had credit. He had received from the defendants $2,000 in July, 1925. This he used, I gather, to pay off some notes. If

he could borrow as much as $2,000 on notes, certainly he had enough credit to raise the sum of $125, the amount necessary to cover the deposit of $25 on account of costs required by the rules to accompany the filing of the bill, and a retainer of $100 which I understand from his solicitors was demanded of him.

Second. An answer has been filed by the defendants, verified by oath, denying that the complainant is a partner. Where the existence of the partnership is in doubt, and there is no proof of insolvency of the party in possession, relief by appointment of a receiver will not be granted; before the court will exercise its jurisdiction in this regard, the partnership must be either admitted by the defendant or established by satisfactory proof. *Goulding v. Bain*, 4 *Sandf.* (*N. Y.*) 716; *Kerr v. Potter*, 6 *Gill* (*Md.*) 404; *Nutting v. Colt*, 7 *N. J. Eq.* 539; 30 *Cyc.* 726, 727; 20 *R. C. L.* 963.

Here no insolvency is shown. In fact nothing is shown beyond the mere fact that the alleged partner who is in possession will receive the receipts during the balance of the season and might put them out of reach. In this state of the record, I do not think this court would be justified in wresting possession from the defendant in control thereof and undertaking to run the business through a receiver.

The power to appoint a receiver *pendente lite* is to be exercised "with the utmost caution," said the Chief Justice in *Attorney General v. Council of Newark*, 9 *Del. Ch.* 171, 79 *A.* 735, 739, "and only under such special or peculiar circumstances as demand summary relief. * * * Since it is serious interference with the rights of the citizens, it should only be granted for the prevention of manifest wrong and injury. And because it divests the owner of property of its possession before a final hearing, it is regarded as a severe remedy, not to be adopted save in a clear case, and never unless the complainant would otherwise be in danger of suffering irreparable loss. * * * And there must be a well-grounded apprehension of injury. To warrant the interposition of a court of equity by the aid of a receiver it must appear that possession of the property was obtained through fraud, or that the property itself or the income from it, is in danger of loss from the neglect, waste, misconduct or insolvency of the defendant. If the dispute is as to title only, the court very reluctantly disturbs

possession by a receiver. As against a defendant in the possession and enjoyment of property which is the subject-matter of the litigation, equity always proceeds with extreme caution in appointing a receiver."

These observations of the learned Chief Justice in the case cited are peculiarly appropriate in connection with the facts of the instant case. I am unable to discover in those facts anything which under the principles so clearly stated in the above excerpt, would justify the requested appointment.

Let an order be entered granting the preliminary injunction as prayed, and denying the application for a receiver *pendente lite.*